David Ali Chami
SBN: 027585
Price Law Group, APC
1204 E. Baseline Road, Suite 102
Tempe, AZ 85283
Tel: (866) 881-2133
Fax: (866) 401-1457
david@pricelawgroup.com
Attorney for Plaintiff,
CLAUDIA TRUJILLO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| CLAUDIA TRUJILLO,<br><br>          Plaintiff,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br><br>          Defendant. | No.<br><br>**Plaintiff's Complaint**<br><br>1. **FDCPA, 15 U.S.C. 1692**<br>2. **EFTA, 15 U.S.C. 1693** |
|---|---|

Plaintiff, CLAUDIA TRUJILLO ("Plaintiff"), through their attorneys, Price Law Group, APC, alleges the following against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §1331, 15 U.S.C. §1692k (FDCPA), and 15

U.S.C. 1693(m) (EFTA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Surprise, Maricopa County, Arizona.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

10. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a national collection agency located in Greenville, Greenville County, South Carolina.

13. Defendant is a business entity engaged in the collection of debt within the State of Arizona.

14. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Arizona and in the County of Maricopa, and within this judicial district.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Defendant it is assigned an account

number.

17. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

18. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

19. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

21. Defendant is attempting to collect an alleged consumer debt from Plaintiff ("Account").

22. The alleged debt owed arises from transactions for personal, family, and household purposes.

23. In or around July 2015, Defendant began communicating with Plaintiff regarding the Account.

24. In or around July 2015, Defendant began to utilize Plaintiffs' cellular telephone number, ending in 8006, to place several calls to Plaintiff pertaining to the Account.

25. Defendant calls Plaintiff from 623-748-0023, which is one of Defendant's telephone numbers.

26. In or around July 2015, Plaintiff answered a call to her cellular telephone from Defendant and spoke to one of Defendant's male collectors.

27. During the aforementioned conversation, Defendant's collector told Plaintiff that she needed to make payments on the alleged debt or she would be sent to court and her place

3

of employment would be notified.

28. The alleged debt owed originated with a loan from HSBC in 2005 or 2006.

29. The statute of limitations for a written contract in Arizona is 6 years.

30. Defendant is attempting to collect a debt that is past the statute of limitations.

31. In reliance on Defendant's statements and fear that she would go to court or jail, Plaintiff orally agreed to pay $72 per month to Defendant.

32. Beginning in July 2015, Defendant began automatically withdrawing $89.11 each month from Plaintiff's bank account.

33. Plaintiff never signed anything in writing expressing her consent to enter into the payment plan with Defendant.

34. On or around February 5, 2016, Plaintiff's attorney's office faxed a cease and desist letter to Defendant requesting that Defendant cease all further communications with Plaintiff and cease all further electronic withdrawals from Plaintiff's bank account.

35. Despite Plaintiff's request to stop calling, Defendant continued to place calls to Plaintiff in an attempt to collect the alleged debt.

36. Despite Plaintiff's request to stop withdrawing funds from her account, Defendant continued to make electronic withdrawals from Plaintiff's bank account.

37. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owes.

38. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

39. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

40. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse any person in connection with the collection of an alleged debt when Defendant continued to place phone calls to Plaintiff's cellular phone and continued to withdraw funds from Plaintiff's personal bank account after Plaintiff requested Defendant to stop calling and stop further withdrawals;

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass any person at the called number when Defendant continuously placed phone calls to Plaintiff's cell phone after Plaintiff requested Defendant to stop calling.

   c. Defendant violated §1692f(1) by collecting a debt from Plaintiff and making automated withdrawals from Plaintiff's personal checking account when Plaintiff did not sign anything in writing giving Defendant authorization to make the automated withdrawals;

   d. Defendant violated §1692e of the FDCPA when Defendant spoke to Plaintiff and threatened to take legal action against Plaintiff for an alleged debt that is past the statute of limitations;

   e. Defendant violated §1692e(2) of the FDCPA by falsely representing the legal tatus of any debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations;

   f. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when

5

> Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations;
>
> g. Defendant violated §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations.

WHEREFORE, Plaintiff, CLAUDIA TRUJILLO, respectfully requests judgment be entered against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, for the following:

41. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

42. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

43. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT**

44. Plaintiff repeats and realleges paragraphs 1-39 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

45. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

46. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

47. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized

electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

48. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

49. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

50. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, CLAUDIA TRUJILLO respectfully requests judgment be entered against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, for the following:

51. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

52. Actual damages;

53. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3); and

54. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  April 29, 2016            By: /s/David Ali Chami
                                       David Ali Chami
                                       Price Law Group, APC
                                       Attorney for Plaintiff